**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SANTIAGO VALDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:07-cv-1223-SEB-JMS |
| ) | |
| PAGE PRINTISS, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion to Proceed *In Forma Pauperis,*
Discussing Complaint, and Directing Entry of Final Judgment**

**I.**

The plaintiff's request to proceed *in forma pauperis* is **granted.** The assessment of even a partial filing fee is not feasible at this time. However, the plaintiff's ability to pay the filing fee or a part thereof may be reviewed from time to time even after the case is closed.

**II.**

The plaintiff, Santiago Valdez ("Valdez"), is currently confined at the Yellowstone County Detention Facility in Billings, Montana. He brings this civil rights action alleging that his constitutional rights were violated on December 23, 2006, in Indianapolis, Indiana. He has named the following defendants: (1) Page Printiss, Deputy Prosecuting Attorney; (2) Justin Hobbs, Indiana State Police; (3) unknown deputies from the Johnson County Sheriff's Department; and (4) unknown police officers from the Greenwood Police Department. He sues the defendants in their individual and official capacities. He seeks compensatory and punitive damages, and "declaratory relief," more properly noted as injunctive relief, in the form of an order that the deputy prosecutor provide certain documents to him.

Valdez alleges that on December 23, 2006, he was robbed, shot and chased by robbers in his car. He reported this to the defendants and they refused to investigate. Instead, defendant Officer Hobbs arrested Valdez, which led to his being convicted. He alleges unknown officers destroyed evidence and that Officer Hobbs gave perjured testimony and failed to advise Valdez of his *Miranda* rights. Officer Hobbs allegedly damaged Valdez's car window and towed the car without ever telling Valdez where it was towed.

The complaint is subject to the screening required by 28 U.S.C. § 1915A(b), pursuant to which the court must dismiss the complaint, in whole or part, if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). See *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999).

Valdez's allegations fail to state a claim upon which relief can be granted and the complaint must therefore be dismissed. The reasons for this disposition are the following:

1. The claims against the unknown police officers and sheriff deputies are dismissed because "it is pointless to include [an] anonymous defendant[ ] in federal court; this type of placeholder does not open the door to relation back under *Fed.R.Civ.P.* 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

2. The claims for damages asserted against the defendants in their official capacities are, "in all respects other than name, to be treated as a suit against the entity . . . for the real party in interest is the entity." *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Such claims against State Police Officer Hobbs are dismissed as legally insufficient because (1) the State of Indiana is not a "person" subject to suit pursuant to that statute, and (2) the State cannot be sued in federal court because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995). Such claims against Deputy Prosecutor Printiss are dismissed as legally insufficient because Valdez has alleged no county policy or custom concerning any constitutional violations. *Monell v. Dept. of Social Services,* 436 U.S. 658, 690 (1978)*; Wagner v. Washington County*, 493 F.3d 833, 836 (7th Cir. 2007).

3. Prosecutors are entitled to absolute immunity for those activities that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976); *see also Kalina v. Fletcher,* 522 U.S. 118, 125 (1997); *Davis v. Zirkelbach,* 149 F.3d 614, 617 (7th Cir. 1998), *cert. denied,* 525 U.S. 1121 (1999). In addition, Prosecutor Printiss' alleged failure to investigate or prosecute a crime committed against Valdez does not state a claim upon which relief can be granted. The determination as to who and what charges will be prosecuted is within the sole discretion of the prosecuting attorney. *Lowery v. Anderson*, 225 F.3d 833, 840 (7th Cir. 2000).

4. The remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not to bring an action under 42 U.S.C. § 1983. *Hannon v. Sanner*, 441 F.3d 635, 636-37 (8th Cir. 2006); *Thornton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968) (holding that failure to give Miranda warnings would prevent use of statements in a criminal trial, but has no significance in an action against police officers for deprivation of a plaintiff's civil rights).

5. To the extent Valdez seeks damages based on his allegations that he was arrested and ultimately convicted, or he was arrested based on perjured testimony or incomplete evidence, the complaint fails to state a claim upon which relief can be granted. A plaintiff's § 1983 claim is not cognizable when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his

      conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). There is no indication that Valdez's conviction has been overturned, expunged, or invalidated in any other fashion. Therefore, any damages claim for false arrest has not yet accrued.

6.     Valdez asks the court to order defendant Printiss to provide to Valdez copies of his filings in a Marion County Superior Court case. Such a request does not state a claim for declaratory or injunctive relief in a federal civil rights action. Valdez may consider making such a request for copies more directly from the Marion County Superior Court itself.

.

### III.

"[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'" *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996) (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)). That is the case here. Accordingly, the action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue. The dismissal of the claim for injunctive relief, however, shall be for lack of jurisdiction, the damages claims barred by *Heck* shall be dismissed without prejudice, and all other claims for damages are dismissed with prejudice.

**IT IS SO ORDERED**.


Date: 11/07/2007

*Sarah Evans Barker* (signature)

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana